| | |
|---|---|
| DISTRICT COURT, COUNTY OF ADAMS, STATE OF COLORADO<br>Court Address: 1100 Judicial Center Drive<br>Brighton, CO 80601 | DATE FILED: June 15, 2023 8:05 AM<br>FILING ID: EDE46EA3EB6A5<br>CASE NUMBER: 2023CV30873 |
| **Plaintiff:** CAROL HALL,<br><br>**vs**.<br><br>**Defendants:** AURORA CONVENTION CENTER HOTEL LESSEE, LLC d/b/a GAYLORD ROCKIES RESORT & CONVENTION CENTER and MONARCH LANDSCAPE HOLDINGS, LLC. | ▲ FOR COURT USE ONLY ▲ |
| *Counsel for Plaintiffs*:<br>Jordan S. Levine, Esq., No. 23877<br>Andrew J. Phillips, Esq., No. 40283<br>Sarah G. Freedman, Esq., No. 48356<br>Elizabeth R. Fisher, Esq., No. 51093<br>4500 Cherry Creek Drive South, Suite 400<br>Denver, CO  80246<br>Phone Number: (303) 333-8000<br>Fax Number:  (303) 333-8005<br>Emails:    jordan@levlawllc.com<br>                andrew@levlawllc.com<br>                sarah@levlawllc.com<br>                elizabeth@levlawllc.com | Case No. 23-CV-____<br><br>Division __ |
| **COMPLAINT AND JURY DEMAND** ||

COMES NOW Plaintiff, Carol Hall by and through her attorneys, Levine Law, LLC, and submits her Complaint against Defendants, Aurora Convention Center Hotel Lessee, LLC d/b/a Gaylord Rockies Resort & Convention Center and Monarch Landscape Holdings, LLC, states and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, Carol Hall, at all times relevant hereto, resided at 1999 S. DeFrame Street, Lakewood, Colorado 80228.

2. Defendant, Aurora Convention Center Hotel Lessee, LLC d/b/a Gaylord Rockies Resort & Convention Center, (hereinafter "Defendant" and/or "Defendants" and/or "Defendant

EXHIBIT A

Gaylord") is a Foreign Delaware Limited Liability Company, who at all relevant times had its principal place of business located at 1 Gaylord Drive, Nashville, Tennessee 37214.

3. Upon information and belief, at all times material herein Defendant Gaylord owned and/or operated and/or managed and/or performed maintenance, including maintaining the walkways, on property known as Gaylord Rockies Resort & Convention Center located at 6700 N. Gaylord Rockies Boulevard, Aurora, Colorado 80019.

4. Defendant, Monarch Landscape Holdings, LLC (hereinafter "Defendant" and/or "Defendants" and/or "Defendant Monarch") at all relevant times, was a noncompliant Colorado Limited Liability Company, with its principal place of business located at 550 S. Hope Street, Suite 1675, Los Angeles, California 90071.

5. Upon information and belief, at all times material herein Defendant Monarch owned and/or operated and/or managed and/or performed maintenance, including maintaining the walkways on property known as Gaylord Rockies Resort & Convention Center located at 6700 N. Gaylord Rockies Boulevard, Aurora, Colorado 80019.

6. Each and every one of Defendants may be referred jointly hereafter as "Defendants."

7. Subject matter jurisdiction is proper in this Court as the probable amount of recovery exceeds the county court limitation pursuant to the Colorado Revised Statutes.

8. Personal jurisdiction is proper in this Court.

9. Venue is proper in this Court pursuant to C.R.C.P. 98(c).

## FACTUAL STATEMENT

10. Plaintiff hereby affirms, re-alleges, and incorporates each and every allegation contained in Paragraphs 1 through 9 above, as if set forth verbatim herein.

11. Plaintiff was an "invitee" at Defendants' property when she tripped over burlap and/or a cord that was strewn over the makeshift walkway of Defendant's holiday light display.

12. Plaintiff was injured and sustained injuries, damages and losses, which occurred on December 28, 2021, on the premises of Defendants' property known as Gaylord Rockies Resort & Convention Center located at 6700 N. Gaylord Rockies Boulevard, Aurora, Colorado 80019.

13. On December 28, 2021, at approximately 7:35 p.m., Plaintiff was walking on the designated walkway, which was covered with burlap, to see Defendants' holiday lights. The walkway was dark and the only light came from the holiday decorations. As Plaintiff turned a corner on the designated holiday pathway, she suddenly and unexpectedly tripped, landing on her hip as she fell to the ground. Unbeknownst to Plaintiff, there was a cord extended across the burlap walkway yon the holiday light display. Plaintiff tripped and fell over the cord and/or burlap which was shredded and balled up in places.

14. At the time of Plaintiff's fall, the burlap across the walkway on Defendants' holiday light display did not lie flat, causing an unreasonably dangerous condition and tripping hazard.

15. At the time of Plaintiff's fall, the cord extended across the burlap walkway on Defendants' holiday light display did not lie flat, causing an unreasonably dangerous condition and tripping hazard.

16. The incident caused Plaintiff to experience pain in parts of her body, including, but not limited to her hip.

17. Plaintiff was unaware of the cord extended across the walkway and shredded and balled up burlap on the walkway of the holiday light display until she tripped and fell.

18. At no time prior to tripping was Plaintiff warned that a potentially unreasonably dangerous condition existed.

19. Defendants, through their employees, knew or should have known of the fact that the burlap that did not lie flat on the makeshift walkway created a tripping hazard.

20. Defendants, through their employees, knew or should have known that the cord extending across the burlap walkway was not taped or secured to the ground on the makeshift walkway and created a tripping hazard.

21. Upon information and belief, several invitees at Defendants' holiday light display complaints of the unreasonable dangerous conditions on Defendants' makeshift burlap walkway prior to Plaintiff's incident.

22. Defendants, through their employees knew or should have known that numerous invitees would be utilizing the makeshift walkway at the holiday light display.

23. Defendants should have secured the burlap so that it laid flat on the walkway and replaced and/or repaired the areas that were shredded and raised or placed warning signs near warning "invitees" of the unreasonably dangerous and hazardous condition.

24. Defendants should have secured the cord so that it laid flat on the walkway and placed warning signs warning "invitees" of the unreasonably dangerous and hazardous condition going across the walkway of the holiday light display.

25. Defendants, through their representatives, agents, contractors, and/or employees failed to use reasonable care to protect Plaintiff against the unreasonably dangerous conditions on the subject premises, and this failure was the cause of Plaintiff's injuries and related damages. As stated herein, Defendants breached said duty to Plaintiff and Defendants are directly and vicariously liable for their actions and inactions.

26. As a direct and proximate result or substantial factor of Defendants' actions and/or omissions, Plaintiff tripped and fell, which resulted in serious injuries to the Plaintiff.

## FIRST CLAIM FOR RELIEF
### (Premises Liability Against all Defendants - C.R.S. 13-21-115)

27. Plaintiff hereby affirms, realleges, and incorporates each and every allegation contained in paragraphs 1 through 26 above, as if set forth verbatim herein.

28. At the time of Plaintiff's trip and fall, Defendants were "land owners" within the meaning of C.R.S. §13-21-115(1).

29. It was Defendants' express representation that the public, including Plaintiff, was requested, expected or intended to enter or remain upon their premises to see the holiday light display.

30. At the time and place of the incident indicated above, Plaintiff was an "invitee" of Defendants, who on information and belief, had common-law and contractual duties to Plaintiff either directly or indirectly as a third party beneficiary between Defendants to allow Plaintiff to enter and transact business through a safe and non-hazardous premises. It was Defendants' express representation that the public was requested, expected or intended to enter or remain upon such premises.

31. At the time and place of the incident indicated above, Defendants, as statutory or actual "landowners" were legally responsible for the condition of the real property, as well as for the activities conducted or circumstances existing on the aforementioned real property within the meaning of C.R.S. Section 13-21-115(1), and Plaintiff was an "invitee," of Defendants as she was a person who entered or remained on or near the premises to transact business in which the parties were mutually interested, within the meaning of C.R.S. Section 13-21-115(c).

32. Defendants are directly or imputably liable to Plaintiff as an "invitee," for damages and injuries sustained by the Plaintiff and caused by the unreasonable failure to exercise reasonable care to protect against dangers of which were known or should have been known pursuant to C.R.S. Section 13-21-115(3).

33. Defendants violated C.R.S. §13-21-115, which adopts as a legal standard of care local, county, municipal, state and federal standards, are directly or imputably liable to Plaintiff as a business invitee, for damages and injuries she sustained, which were caused by Defendants for the unreasonable failure to exercise reasonable care to protect against dangers of which were known or should have been known pursuant to C.R.S. Section 13-21-115(3).

34. Defendants, as a direct and proximate result or substantial factor in bringing or causing Plaintiff's injuries as described above, are liable for their actions and for Plaintiff's medical care, economic damages including medical expenses, and non-economic damages including but not limited to, loss of enjoyment of life, extreme pain and suffering, emotional distress, permanent impairment and permanent disfigurement, all in amounts to be proven at trial.

35. Prior to and leading up to the time when the Plaintiff tripped and fell, Defendants failed to exercise reasonable care to protect against dangers of which they knew or should have known.

36. Defendants failed to warn individuals, including trespassers, licensees and/or invitees, of the potential dangerous condition presented by the uneven makeshift burlap walkway with cords crossing it on the property owned and/or maintained and used by Defendants in, on and around the areas where the Plaintiff fell.

37. Defendants had actual knowledge of the unreasonably dangerous condition and failed to take appropriate abatement measures to protect business invitees from the known dangerous condition on the common area owned and/or maintained and/or used by Defendants where Plaintiff tripped and fell.

38. At the time of the incident and at all other times relevant hereto, Defendants owned and/or controlled and/or were responsible for maintenance and/or conducted activities on the common area where the Plaintiff tripped and fell.

39. At the time of the incident and at all other times relevant hereto, a condition existed on the premises, which created an unreasonable risk of injury and/or damages to persons such as Plaintiff.

40. As a further direct and proximate result or substantial factor of Defendants' negligence as indicated in the paragraphs above, Plaintiff has suffered loss of enjoyment of life and impairment of the quality of life.

41. As a further direct and proximate result or substantial factor of Defendants' negligence as indicated in the paragraphs above, Plaintiff believes that she has suffered permanent impairment and permanent disfigurement.

42. Due to Defendants' failure to take reasonable steps to protect invitees on their property, Plaintiff suffered injuries, damages and losses.

43. The conduct of Defendants was an unreasonable failure to exercise reasonable care to protect against dangers of which they knew or should have known as contemplated by C.R.S. § 13-21-115. As a result of Defendants' negligence, careless conduct, and acts and omissions, Plaintiff has sustained injuries. Said injuries are of a permanent nature and which have caused Plaintiff great pain, suffering, discomfort, and emotional distress, and which will continue to cause Plaintiff great pain, suffering, discomfort, and emotional distress.

44. Plaintiff incurred physical injuries including, but not limited to, fractured hip as well as contacting COVID from being in the hospital, as well as the loss of ability to enjoy life as she did before the incident and emotional distress.

45. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

46. Plaintiff, at all relevant times relative hereto, was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

47. All of Defendants named herein are pro-rata share responsible for Plaintiff's injuries, and related damages and losses.

WHEREFORE, the Plaintiff prays for the relief set forth below.

**SECOND CLAIM FOR RELIEF**
**(In the Alternative, if Defendants are Not "Landowners"**
**Under C.R.S. §13-21-115 Then Negligence as a Matter of Fact)**

48. Plaintiff hereby reaffirms, realleges and incorporates each and every allegation contained in paragraphs 1 through 47 above, as if set forth verbatim herein.

49. Defendants owed and breached their duties to Plaintiff to maintain their property as reasonably prudent landowners and occupiers in a reasonably safe and prudent condition free from dangers or hazardous conditions. As a direct and proximate result or substantial factor of Defendants' acts and omissions or those of Defendants to act in accordance with Colorado Safety Standards, with Plaintiff being in the class of individuals to be protected by the standards in effect at the time of the building of the premises. Plaintiff suffered personal injury, including temporary disability, which caused physical, mental, and emotional pain, and suffering.

50. Defendants had duties to comply with the above-referenced applicable standards of care and given their conduct as described above, Defendants breached or failed to meet the applicable standards of care and their actions and inactions are the direct and proximate cause or substantial factor therefore in causing the injuries and damages as more fully set forth in the Claim for Relief above.

51. Defendants and/or their agents, had a duty to maintain and administer the common areas along with, *inter alia,* the walkways of the premises, and surrounding areas in order that dangerous conditions, such as those present at the time of the incident, did not occur.

52. Defendants and/or their agents breached their duties to the Plaintiff.

53. As a result of Defendants and/or their agents' breach of the duties to Plaintiff, and as a result of the incident, Plaintiff has suffered injuries, damages and losses.

54. By failing to properly maintain the area where the Plaintiff slipped, Defendants failed to act in a manner in which a reasonably careful person and/or entity under the same or similar circumstances would act in order to protect oneself or others from bodily injury and/or property damage.

55. By failing to act as a reasonably careful person and/or entity under the same or similar circumstances, and by failing to maintain the walkways of the premises, owned and/or maintained and/or used by Defendants, Defendants were negligent.

56. Defendants are directly or imputably liable to Plaintiff for Defendants' negligence and premises liability as described in the First Claim of Relief above. Said negligence and premises liability negligence may be proven as follows:

   a. Plaintiff's injuries and damages, and the surrounding circumstances, as described above, were not the kind which ordinarily would occur in the absence of negligence and premises liability negligence;

   b. Given the evidence to be demonstrated before this Court, there are no other responsible causes for Plaintiff's injuries and damages, including the conduct of Plaintiff; and,

   c. The indicated premises liability and/or negligence are within the scope of Defendants' duties to Plaintiff as described above.

57. Plaintiff, at all relative times, was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

58. All of Defendants named herein are pro-rata share responsible for Plaintiff's injuries, and related damages and losses.

WHEREFORE, Plaintiff prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, on account of the matters set forth in her Claims for Relief, Plaintiff prays for a judgment in her favor and against Defendants, in an amount which will fully compensate the Plaintiff for her injuries and damages in the past, present and future, including for past, present and future medical expenses, past, present and future pain and suffering, for personal injuries, for emotional distress, for loss of ability to enjoy life as she did before the accident, for economic losses, for costs, expert witnesses, for attorney fees, for interest on such sums as is provided by law and for such other and further relief as to the Court appears proper in the premises.

## JURY DEMAND

**PLAINTIFF HEREBY DEMANDS A TRIAL TO A JURY OF SIX (6) ON ALL ISSUES SO TRIABLE.**

DATED this 15th day of June, 2023.

LEVINE LAW, LLC

*Signed original document maintained and available pursuant to Rule 121*

*s/ Andrew J. Phillips, Esq.*
Jordan S. Levine, No. 23877
Andrew J. Phillips, No. 40283
Sarah G. Freedman, No. 48356
Elizabeth R. Fisher, No. 51093
Attorneys for Plaintiff

**Plaintiff's Address**:
1999 S. DeFrame Street
Lakewood, CO 80228

- 8 -